**IT IS ORDERED as set forth below:**



**Date: September 25, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| JON MICHAEL HAYES SHIBLEY, | : | BANKRUPTCY CASE |
| | : | 18-68584-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| DANIEL RICHARD SMITH, | : | ADVERSARY PROCEEDING |
| | : | NO. 19-05212-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JON MICHAEL HAYES SHIBLEY, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court are the Plaintiff's *Motion to Strike Defendant's Answer and Motion to Dismiss Defendant's Counterclaim with Prejudice* (the "Motion to Strike")

(Doc. 8), filed by Daniel Richard Smith ("Plaintiff"), and the *Unopposed Motion to Stay Counterclaim* (the "Motion to Stay") (Doc. 10), filed by CenterState Bank, N.A. ("CSB"). These motions arise in connection with a complaint to determine the dischargeability of a debt and to deny discharge, filed by Plaintiff against Jon Michael Hayes Shibley ("Defendant"). Accordingly, these matters constitute core proceedings, over which this Court has subject matter jurisdiction. *See* 11 U.S.C. § 1334; § 157(b)(2)(I) & (J).

On November 5, 2018, Defendant filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code"). On April 8, 2019, the UST filed a motion to dismiss or convert Defendant's case to one under Chapter 7 (the "Motion to Dismiss or Convert"). On July 22, 2019, the Court held a hearing on the Motion to Dismiss or Convert and ruled in favor of the UST, and an order converting the case to Chapter 7 was entered on July 25, 2019. Subsequently, Edwin K. Palmer (the "Trustee") was appointed as Chapter 7 trustee. The Chapter 7 meeting of creditors was scheduled for August 26, 2019, rescheduled to September 17, 2019, and rescheduled again to October 3, 2019, due to Defendant's failure to appear.

On May 15, 2019, Plaintiff filed the Complaint against Defendant. The Complaint asserts that debts owed by Defendant to Plaintiff are nondischargeable under §§ 523(a)(2), (a)(4), and (a)(6), and that Defendant is not entitled to a discharge under §§ 727(a)(2)-(5). The Complaint consists of 57 numbered paragraphs and 7 counts. In

2

response, Defendant filed an answer that asserts a counterclaim against Plaintiff (the "Smith Counterclaim") and, arguably, a counterclaim against CSB (the "CSB Counterclaim").

Plaintiff has moved to strike Defendant's answer under Rule 12(f) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In the Motion to Strike, Plaintiff also seeks dismissal with prejudice of the Smith Counterclaim on the basis that it is barred by *res judicata* and because Defendant lacks standing to assert the Smith Counterclaim following the conversion of the case to Chapter 7.

CSB also filed a motion to strike the portions of Defendant's answer that could be construed to assert the CSB Counterclaim on the basis that CSB is not a party to the adversary proceeding and that the CSB Counterclaim violates the rule against claim splitting, as the factual and legal bases for the counterclaim are identical to claims brought by Defendant against CSB in another adversary proceeding pending in this Court. CSB, however, has subsequently filed the Motion to Stay, seeking a stay of any proceedings involving the CSB Counterclaim until twenty days after completion of the Chapter 7 meeting of creditors.

The Motion to Stay is unopposed. Further, as the CSB Counterclaim appears to be a cause of action that belongs to Defendant's Chapter 7 bankruptcy estate, the Trustee

3

may have an interest in whether a portion of the answer is stricken. For this reason, the Court will stay consideration of the CSB Motion to Strike, as well as the portion of Plaintiff's Motion to Strike that requests dismissal of the Smith Counterclaim.

Having considered the remainder of the Motion to Strike, the Court will deny Plaintiff's request to strike Defendant's answer, pursuant to Rule 12(f). Under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[C]ourts have consistently found that '[m]otions to strike are generally viewed with disfavor, and should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law.'" *In re Hutt*, 2018 WL 3725747, at *2 (Bankr. D.N.J. Aug. 2, 2018). Further, the "same are often not granted unless there is a showing of prejudice to the moving party." *In re MacGregor Elec., S.E.*, 2009 WL 2877293, at *4 (Bankr. D.P.R. Aug. 14, 2009). "The burden is on the movant to identify the information she seeks to have struck and why such information is improper." *Id.* (citing *In re DBSI, Inc.*, 2011 WL 607398, at *4 (Bankr. D. Del. 2011)). "Establishing prejudice will be difficult—if not impossible—if no jury will see the pleadings." *In re Smith*, 489 B.R. 875, 900 (Bankr. M.D. Ga. 2013). "Pleadings are to be construed to do justice," and "*pro se* pleadings are to be liberally construed." *Id*. at 902.

Plaintiff seeks to have Defendant's entire answer stricken because: (1) "most of the

4

pleading is incoherent"; (2) the Answer does not follow the format of specifically answering the allegations; and (3) the Answer "makes numerous arguments which are irrelevant and should be reserved for pleadings that would be filed much later in the Adversary Proceeding," as well as "countless conclusory statements and inappropriate factual and legal arguments." Rule 12(f) permits the Court to strike only defenses that are insufficient and matter that is "redundant, immaterial, impertinent, or scandalous." While the Court is sympathetic to the fact that the Answer is difficult to follow, the Court will not strike an entire pleading because it requires extra work to interpret, especially when its author is proceeding *pro se*. *See Smith*, 489 B.R. at 902 (stating that the movant "cannot indiscriminately throw a bunch of adjectives at the entire [pleading] and expect the Court to strike everything"). Portions of the Answer clearly do address the factual allegations of the Complaint. For example, the Answer denies paragraphs 9(e), 9(f), and 9(h). And to the extent that Defendant did not respond to a specific, enumerated factual allegation, the remedy under the Federal Rules is to deem the fact admitted, not to strike the answer. *See* Fed. R. Civ. P. 8(b)(6). If Plaintiff believes there are insufficient defenses or matter that is redundant, immaterial, or scandalous, he "may file another, more specific, motion to strike" that adequately identifies the portion of the Answer to be stricken and explains for the Court's benefit how the matter prejudices Plaintiff. *Id*. at 903.

For the reasons stated above,

IT IS ORDERED that the Motion to Strike (Doc. 8) is STAYED in part and DENIED in part, such that Plaintiff's request to strike the Answer is DENIED, and Plaintiff's request for dismissal of the Smith Counterclaim is STAYED, along with any other proceedings or deadlines regarding the Smith Counterclaim, until further order of the Court;

IT IS FURTHER ORDERED that the Motion to Stay (Doc. 10) is GRANTED, such that all proceedings and deadlines regarding the CSB Counterclaim are STAYED until further order of the Court.

**END OF DOCUMENT**

**Distribution List**

Evan M. Altman
Evan M. Altman, Attorney at Law
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-3307

Edward J. Dovin
Dovin Ficken
Suite 625 Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326

Jon Michael Hayes Shibley
780 Clubside Drive
Roswell, GA 30076

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

Aleksas A. Barauskas
Akerman LLP
Suite 3100
50 N. Laura St.
Jacksonville, FL 32202

Sarah R. Craig
Akerman LLP
Suite 1700
401 E. Jackson St.
Tampa, FL 33602

W. Russell Patterson
Ragsdale at al. LLP
229 Peachtree St., N.E.
Suite 2400
Atlanta, GA 30303-1629

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

7